**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DAVID L. McBRAYER,**

    **Petitioner,**                            **CASE NO. 2:10-CV-348
JUDGE FROST**
**v.**                                          **MAGISTRATE JUDGE ABEL**

**EDWARD BANKS, WARDEN,
NOBLE CORRECTIONAL INSTITUTION,**

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the instant petition, Respondent's Return of Writ and the exhibits of the parties.

Petitioner McBrayer pleaded guilty to two counts of child endangering. He was sentenced to an agreed term of eight years in prison. He contends that his guilty plea was not voluntary because the judge did not advise him that if he went to trial the jury would have to reach a unanimous verdict to convict. The Ohio Court of Appeals rejected that argument, finding that his guilty plea was knowingly and voluntarily made. Concluding that the state court determination is supported by fact and is not contrary to law, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## FACTS and PROCEDURAL HISTORY

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On January 18, 2007, the Muskingum County Grand Jury indicted appellant, David McBrayer, on one count of felonious assault in violation of R.C. 2903.11 and two counts of child endangering in violation of R.C. 2919.22. Said charges arose from an incident involving "shaken baby syndrome" and his son, Konnor.

> On February 19, 2008, appellant pled guilty to the child endangering counts. The felonious assault count was nolled. By entry filed March 19, 2008, the trial court sentenced appellant to eight years in prison.

*State v. McBrayer*, 2008 WL 3856292, at *1.  Petitioner filed a timely appeal, in which he asserted that his guilty plea was not knowing, intelligent, and voluntary.  *See id.*  On August 13, 2008, the appellate court rejected this claim and affirmed the judgment of the trial court.  *Id*.  On January 28, 2009, the Ohio Supreme Court dismissed Petitioner's subsequent appeal.  *State v. McBrayer*, 120 Ohio St.3d 1490 (2009).

On April 23, 2010, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He raises the following sole ground for relief:

> The Defendant-Appellant was denied due process as his plea was unknowing, unintelligent, and involuntary.
>
> The trial court failed to comply with Criminal Rule 11.  Please see transcripts and Ohio Criminal Rule 11.  In *McCarthy v. United States*, 394 U.S. 459, the Court ruled, "Prejudice inheres in a failure to comply with Rule 11."  The Fifth District Court of Appeals' decision was contrary to clearly established federal law.

It is the position of the Respondent that Petitioner's claim is without merit.

## MERITS

Petitioner asserts that his guilty plea was not knowing, intelligent and voluntary because the trial court failed to comply with Rule 11 of the Ohio Rules of Criminal Procedure and *McCarthy v. United States*.   The state appellate court rejected this claim as follows:

> Appellant claims his guilty plea was unknowingly, unintelligently, and involuntarily given because of the trial court's failure to inform him of his constitutional right to a unanimous jury verdict. We disagree.
>
> The entry of a plea of guilty is a grave decision by an accused to dispense with a trial and allow the state to obtain a conviction without

following the otherwise difficult process of proving his guilt beyond a reasonable doubt. *See, Machibroda v. United States* (1962), 368 U.S. 487.

A plea of guilty constitutes a complete admission of guilt. Crim.R. 11(B)(1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." *United v. Broce* (1989), 488 U.S. 563, 570.

Crim.R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim.R. 11 is preferred, a trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Ballard*, 66 Ohio St.2d at 475, citing *State v. Stewart* (1977), 51 Ohio St.2d 86. In *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12, the Supreme Court of Ohio noted the following test for determining substantial compliance with Crim.R. 11:

"Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non-constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. [*State v. Nero* (1990), 56 Ohio St.3d 106,] 108, 564 N.E.2d 474. The test for prejudice is 'whether the plea would have otherwise been made.' *Id.* Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]." *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, at ¶ 19-20.

With respect to statements made during change of plea hearings, the United States Supreme Court has stated the following:

"[T]he representation of the defendant, his lawyer, and the prosecutor in such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Machibroda, supra,* at 497.

3

Although the plea or sentencing proceedings record is imposing, it is not insurmountable. *Id.*

During the February 19, 2008 change of plea hearing, the following exchange occurred between the trial court and appellant:

"THE COURT: You also understand, Mr. McBrayer, that by pleading guilty here today, you are giving up certain constitutional rights?

"THE DEFENDANT: Yes, sir.

"THE COURT: You understand that by pleading guilty, you are giving up your right to have a jury trial, you're also giving up your right to waive that jury trial and have your case tried directly to the Court?

"THE DEFENDANT: Yes, sir." T. at 15.

Appellant asserts his guilty plea was not knowing, intelligent, and voluntary because the trial court failed to inform him of his constitutional right to a unanimous verdict. In *State v. Smith*, Muskingum App. No. CT2007-0073, 2008-Ohio-3306, ¶ 27-29, this court succinctly explained the following:

"Initially, there is no explicit requirement in Crim.R. 11(C)(2)(a) that a defendant be informed of his right to a unanimous verdict. *State v. Simpson, supra* at ¶ 11. Further, several courts, including the Ohio Supreme Court, have held there is no requirement that a trial court inform a defendant of his right to a unanimous verdict. *See, e.g., State v. Ketterer,* 111 Ohio St.3d 70, 2006-Ohio-5283, at ¶ 68 (the trial court was not required to specifically advise defendant on the need for juror unanimity); *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, at ¶ 44-46 (accused need not be told that jury unanimity is necessary to convict and to impose sentence); *State v. Barnett*, Hamilton App. No. C-060950, 2007-Ohio-4599 at ¶ 6; *State v. Simpson, supra* at ¶ 11.

"It is also well established that a defendant need not have a complete or technical understanding of the jury trial right in order to knowingly and intelligently waive it. *State v. Bays* (1999), 87 Ohio St.3d 15, 20. In *State v. Jells* (1990), 53 Ohio St.3d 22, 25-26, the Ohio Supreme Court held:

4

> " 'There is no requirement in Ohio for the trial court to interrogate a defendant in order to determine whether he or she is fully apprised of the right to a jury trial. The Criminal Rules and the Revised Code are satisfied by a written waiver, signed by the defendant, filed with the court, and made in open court, after arraignment and opportunity to consult with counsel.' "
>
> Upon review, we find the Crim.R. 11 colloquy in this case was sufficient and met all the requirements of said rule.

*State v. McBrayer,* 2008 WL 3856292, at *2-3.

To the extent that Petitioner asserts that the trial court violated Ohio Criminal Rules or Ohio law, this claim fails to present an issue appropriate for federal habeas corpus relief. A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Such are not the circumstances here. In *McCarthy v. United States*, 394 U.S. at 459, the United States Supreme Court held that if a federal district court failed to comply with Rule 11 of the Federal Rules of Criminal Procedure, the defendant would be permitted to re-enter his guilty plea. Federal Rule 11 later was amended to provide that a variance from the requirements of the rule constitutes harmless so long as the

defendant's "substantial rights" are not affected.  Rule 11(h), Federal Rules of Criminal Procedure. Because the Federal Rules of Criminal Procedure do not apply in state court proceedings, however, *McCarthy* is inapplicable here.  *Id*. at 464.

The sole issue properly considered in these proceedings is Petitioner's claim that his guilty plea was not knowing, intelligent and voluntary.  In this respect, the Magistrate Judge notes that the factual findings of the state appellate court in rejecting this claim are presumed to be correct.  28 U.S.C. § 2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented. 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Court of Appeals for the Sixth Circuit has summarized this standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court on materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from the Supreme Court's decisions but unreasonably applies it to the facts of the petitioner's case.

*Boykin v. Webb,* 541 F.3d 638, 642 (6th Cir. 2008) (quoting *Williams v. Taylor,* 529 U.S. 362 (2000)). Petitioner has failed to meet this standard here.

Because a criminal defendant waives numerous constitutional rights when he pleads guilty, the plea must be entered into knowingly and voluntarily in order to be constitutionally valid. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). " 'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " *Sparks v. Sowders,* 852 F.2d 882, 885 (6th Cir.1988) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). In applying this standard, the Court must look at the totality of circumstances surrounding the plea. *Id*. A criminal defendant's solemn declaration of guilt carries a presumption of truthfulness. *Henderson v. Morgan*, 426 U.S. 637, 648 (1976). Further, A criminal defendant cannot successfully challenge the voluntariness of his plea merely on the basis that he was motivated to plead guilty. *Brady v. United States*, 397 U.S. 742, 750 (1970).

Petitioner argues that his guilty plea was not knowing, intelligent or voluntary because the trial court failed to advise him of his right to a unanimous jury verdict. The unanimity requirement, at least in this case, is derived exclusively from state law, because although the United States Constitution requires that the states provide jury trials to persons accused of serious crimes, it does not require that the verdicts in such cases be unanimous. *Johnson v. Louisiana,* 406 U.S. 356 (1972). Further, Petitioner does not refer to, and the Magistrate Judge is not aware of, any case law

either from the United States Supreme Court or from the Sixth Circuit Court of Appeals holding that the failure to advise a defendant of the fact that a jury verdict would need to be unanimous renders the waiver of trial by jury constitutionally invalid. *See Teagarden v. Warden, Madison Correctional Institution*, 2011 WL 1659372, at 21 (S.D. Ohio May 3, 2011)(noting the same).

Moreover, as noted by the Ohio Court of Appeals, the record reflects that Petitioner's guilty plea was knowingly, intelligently, and voluntarily made. On February 19, 2008, Petitioner signed a written guilty plea agreement indicating that he understood the nature of the offenses, his possible defenses, and the maximum potential sentences he faced by entry of his guilty plea. He was satisfied with his attorney, not under influence of drugs or alcohol, had not been threatened, and no promises had been made to induce his guilty plea except that the State agreed to dismiss Count One at sentencing and to make a recommendation that Petitioner be sentenced to eight years incarceration. *Exhibit 3 to Return of Writ*. Further, Petitioner understood that, by pleading guilty, he gave up his right to a jury or court trial and the rights he would have if he proceeded to trial. *See id.* He admitted his guilt to the offenses. *Id*.

The transcript of Petitioner's guilty plea colloquy indicates that he agreed to a recommended sentence of eight years incarceration. Defense counsel had reviewed the guilty plea form with Petitioner. *Guilty Plea Transcript*, at 3-4. Petitioner wanted to enter the guilty plea. He understood the nature of the charges as well as the potential sentence he faced. *Id*. at 5-7. He understood the charges as well as his potential defenses. *Id*. at 8. He had discussed the case with his attorney and was satisfied with the advice and assistance of counsel. Id. at 8-9. He denied being under the influence of alcohol or drugs that impaired his ability to understand the proceedings and understood the terms of the plea agreement. *Id*. at 9-10. He denied being made any other promises or being

threatened into pleading guilty. *Id.* at 10. The trial court advised him of all of the rights he was waiving by entry of his guilty plea. *Id*. at 11-14. Petitioner at all times indicated that he understood.

> [T]he representations of the defendant, his lawyer, and the prosecutor at [the guilty plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

In short, nothing in the record supports Petitioner's allegation that his guilty plea was not knowing, intelligent and voluntary. His claim is without merit.

**WHEREUPON,** the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation* de novo, and also operates as a waiver of the right to appeal the decision of the District Court

adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED**.

s/Mark R. Abel
United States Magistrate Judge